UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BRANDON HOLLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:24-CV-418-KAC-JEM |
| | ) | |
| DOUGLAS MCCLURE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the "Motion to Dismiss" [Doc. 18] filed by Defendants Douglas McClure and Brad Yearout. Because the *Heck*[1] Doctrine bars Plaintiff Brandon Holloway's Section 1983 excessive force claim, the Court dismisses the claim without prejudice.

### I. Background

Defendants are Deputies with the Knox County Sherriff's Office [*See* Doc. 12 ¶¶ 6, 7]. On October 22, 2023, Defendants responded to a call regarding a suspicious person and possible vandalism at the Forks of the River Park in Knoxville, Tennessee [*Id.* ¶ 10]. When Defendant Yearout arrived, he approached the playground and encountered Plaintiff, who was laying the playground equipment [*See* Doc. 16 at 0:46-1:13 (Yearout Body Camera Video[2])]. Defendant McClure arrived shortly thereafter [*Id.* at 2:12 -2:16].

---

[1] *See Heck v. Humphrey*, 512 U.S. 477 (1994).

[2] The First Amended Complaint explicitly references police body camera footage and relies on it to support Plaintiff's claim [*See, e.g.*, Doc. 12 ¶¶ 39, 41, 42]. Defendants filed that footage with the Court [*See* Doc. 16]. In these circumstances, the Court may consider the body camera footage. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider . . . exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."); *see also Bell v. City of Southfield, Michigan*, 37 F.4th 362, 364 (6th Cir. 2022); *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017).

Over the next several minutes Defendants spoke with, then searched Plaintiff [*Id.* at 1:04-8:55]. Plaintiff did not object to the search [*Id.*]. Plaintiff told Defendants that he was on probation and had previously been arrested, including for aggravated assault [*Id.*].

As part of this encounter, the officers radioed dispatch for a check of Plaintiff's records [*See* Docs. 16 at 5:00-5:30; 12 ¶ 21]. While awaiting a response, Defendant Yearout retrieved his K-9 from his nearby vehicle [*See* Doc. 16 at 8:56-10:17]. Approximately five minutes later, dispatch reported that Plaintiff had an outstanding arrest warrant [*Id.* at 15:30-16:00; Doc. 12 ¶ 22].

Defendant McClure approached Plaintiff and attempted to place him under arrest [*See* Docs. 16 at 15:30-16:00; 12 ¶ 23]. Defendant McClure warned Plaintiff that Defendant Yearout would deploy the K-9 if Plaintiff resisted arrest [*See* Docs. 16 at 15:55-16:00; 12 ¶ 26]. Seconds later, Plaintiff jerked his right arm away from Defendant McClure, swinging it toward the front of Plaintiff's body [*See* Doc. 16 at 16:00-16:10]. Defendant McClure forced Plaintiff to the ground [*See id.* at 16:11-12]. Defendant Yearout warned "better quit, you're gonna get dog bit" [*Id.* at 16:10-16:15]. When things did not change, he deployed the K-9 [*Id.* at 16:15-16:18].

For approximately forty-five seconds in total, Defendants struggled to arrest Plaintiff [*Id.* at 16:07-16:53]. While on the ground, Plaintiff was lying on his right arm, preventing Defendants from fastening the handcuffs around both of his hands [*Id.*]. The K-9 engaged Plaintiff, biting his buttocks/hip [*Id.* at 16:15-16:53; *see also* Doc. 12 ¶ 35]. Eventually, Defendants were able to cuff both of Plaintiff's hands [*See* Doc. 16 at 16:47-16:50]. Defendant Yearout promptly commanded the K-9 to disengage, and it released [*See id.*].

Tennessee charged Plaintiff with resisting arrest based on this event [*See* Doc. 18-1]. A jury convicted Plaintiff under Tennessee Code Annotated § 39-16-602 [Doc. 18-1].

The operative First Amended Complaint raises a Section 1983 claim against Defendants for "excessive force" in violation of the Fourth Amendment based on the use of the K-9 during the October 22, 2023 event [*See* Doc. 6 at 12]. Defendants filed the instant Motion to Dismiss, arguing in relevant part, that under the *Heck* Doctrine, Plaintiff's Tennessee conviction for resisting arrest prevents him from raising a Section 1983 excessive force claim against them [*See* Doc. 18]. Plaintiff argues that Defendants used excessive force after he was "restrained and no longer posed a threat" [Doc. 23 at 6].[3] Defendants replied [*See* Doc. 24].

## II.    <u>Analysis</u>

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court generally construes the operative complaint in the light most favorable to Plaintiff, accepts all well-pled factual allegations as true, and draws all reasonable inferences in his favor. *See Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016). But the Court is "not bound to accept as true a legal conclusion." *Iqbal*, 556 U.S. at 678 (cleaned up). And where video footage depicts the facts at issue, the Court views the facts "in the light depicted by the video[]." *Gordon v. Bierenga*, 20 F.4th 1077, 1079 (6th Cir 2021) (citations and quotations omitted). The Court, however, "view[s]

---

[3] Plaintiff also makes an argument regarding "failure to intervene" [Doc. 23 at 10 (citation omitted)]. But the First Amended Complaint does not contain a failure to intervene claim [*See* Doc. 6 at 12]. And Plaintiff, who is represented by counsel, cannot amend his First Amended Complaint in his response. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).

any relevant gaps or uncertainties left by the video[] in the light most favorable to" Plaintiff. *See Nash v. Bryce*, 157 F.4th 436, 453 (6th Cir. 2025).

Under *Heck*, "a plaintiff cannot recover in a § 1983 suit when the basis for the claim necessarily implies the invalidity of a previous state court conviction." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Carr v. Louisville-Jefferson Cnty.*, 37 F.4th 389, 392 (6th Cir. 2022). Put simply, the *Heck* Doctrine bars a Section 1983 claim that would necessarily undermine a prior state conviction. *See Morris v. City of Detroit*, 211 F. App'x 409, 411 (6th Cir. 2006).

"[U]nder Tennessee law, an officer's excessive use of force is a defense to a charge of resisting or evading arrest." *Matheney v. City of Cookeville*, 461 F. App'x 427, 430-31 (6th Cir. 2012) (quoting *Roberts v. Anderson*, 213 F. App'x 420, 427 (6th Cir. 2007)); *see also* Tenn. Code Ann. §§ 39-16-602 (resisting arrest), 39-11-611(e)(3) (excessive force defense). Thus, a jury's conviction for resisting arrest "necessarily include[s] a finding that the officer[s] did not use excessive force." *See Matheney*, 461 F. App'x at 431 (citation omitted). But "an excessive force claim is not barred" if "the alleged use of force occurred after the suspect was handcuffed and subdued." *Id.* The relevant force must be "'inextricably intertwined' with" the resistance. *Id*.

Here, a Tennessee jury convicted Plaintiff of resisting arrest [*See* Doc. 18-1]. Under the law then, the *Heck* Doctrine bars Plaintiff's Section 1983 excessive force claim so long as the relevant force was "inextricably intertwined" with the resistance that led to Plaintiff's conviction. *See Matheney*, 461 F. App'x at 431. It was.

Plaintiff resists this conclusion, arguing that Defendants "gratuitously deployed a police dog" "once his [Plaintiff's] resistance had already occurred and [he had] been neutralized" [Doc. 23 at 5]. Even viewing any gaps and uncertainties in the light most favorable to Plaintiff, the body camera footage does not support that argument. *See Nash*, 157 F.4th at 453.

4

Defendant Yearout deployed the K-9 while Defendant McClure attempted to arrest Plaintiff and while one of Plaintiff's arms was loose and his hand uncuffed [Doc. 16 at 16:00-16:53]. The body camera footage shows that Plaintiff was in fact resisting arrest during the K-9 deployment [*See id.*]. And it shows that Defendant Yearout promptly called the K-9 off once Plaintiff was "handcuffed and subdued." *See Matheney*, 461 F. App'x at 431. The force at issue was thus "inextricably intertwined" with Plaintiff's "resistance" to arrest. *Id*; *compare Parvin v. Campbell*, 641 F. App'x 446, 447 (6th Cir. 2016) (concluding that *Heck* barred a claim where an officer pepper sprayed a suspect after the suspect pulled his wrists away from the officer and laid on his hands, preventing the officer from handcuffing him), *and Westbrook v. City of Cincinnati*, No. 1:21-CV-476, 2025 WL 43721, at *6 (S.D. Ohio Feb. 7, 2025) (concluding that *Heck* barred a claim where the suspect was tazed before the officers "had fully subdued him and placed both of his hands in cuffs"), *with Schreiber v. Moe*, 596 F.3d 323, 332 (6th Cir. 2010) (concluding that *Heck* did not bar a claim where an officer continued to punch the suspect "even after the handcuffs were in place"). Neither Defendant applied allegedly excessive force after Plaintiff's hands were handcuffed and he was subdued [*See* Doc. 16 at 16:53-1:08:32]. Accordingly, the *Heck* Doctrine bars Plaintiff's Section 1983 excessive force claim.

III.   **Conclusion**

For the reasons above, the Court **GRANTS** the "Motion to Dismiss" [Doc. 18] filed by Defendants Douglas McClure and Brad Yearout. The Court **DISMISSES** Plaintiff's Section 1983 excessive force claim **without prejudice**. *See Chaney-Snell v. Young*, 98 F.4th 699, 710 (6th Cir. 2024) ("When *Heck* bars a § 1983 claim against an officer, the court should dismiss the claim *without prejudice* so that the § 1983 plaintiff may refile the suit if a court later invalidates the prior

conviction." (citing *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015))).  Because

no claim remains in this action, an appropriate judgment shall enter.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge